IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID L. GREEN, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 05-5411 |
| | : | |
| GORDON R. ENGLAND, Secretary. | : | |
| Department of the Navy, | : | |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

BUCKWALTER, S. J.                                                                                                    April 6, 2006

    Plaintiff has been given two extensions in which to file a response to defendant's motion to dismiss or for summary judgment.

    In response to the first order entered on January 4, 2006, giving plaintiff until January 31, 2006 to respond, plaintiff waited until January 26, 2006 to respond.  However, that response was to ask the court to appoint counsel for him.  After plaintiff's response to a questionnaire, the court by order of February 14, 2006 denied the motion for counsel and gave plaintiff until February 28, 2006 to respond to the defendant's motion.  Once again, at virtually the last minute, plaintiff did not file a response, but sought reconsideration of the court's order of February 14, 2006.  This most recent filing is not responsive to the motion, and is not therefore in compliance with the court's order of February 14, 2006.

    The defendant seeks to dismiss the plaintiff's claims based on race, national origin, sex, religion and retaliation because he failed to exhaust his administrative remedies in a timely fashion.  The exhibits attached to defendant's brief establishes that plaintiff's filings

throughout the administrative process were untimely. Thus, he has failed to comply with a necessary prerequisite to a Title VII action; namely, that all administrative remedies must be exhausted before seeking judicial relief. The reason for this is the idea that a good faith effort toward conciliation or resolution of a conflict should always be made before a resort to legal action. Here, plaintiff's untimeliness has prevented that process from taking place.

As to plaintiff's claim of reverse discrimination, while not conceding that plaintiff has exhausted his remedies, defendant argues that no such action is provided for in the ADEA. Plaintiff is claiming in this case that defendant discriminated against him by favoring employees older than he. As cited in defendant's brief, the Supreme Court in General Dynamics Land Systems, Inc. v. Cline, 540 U.S. 581 (2004) foreclosed such action under the ADEA.

Based upon the foregoing, the following order is entered:

**AND NOW**, this 6th day of April, 2006, upon consideration of Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (Docket No. 3), it is hereby **ORDERED** that the Motion is **GRANTED**, and Plaintiff's claims against Defendant are **DISMISSED with prejudice**. Plaintiff's Request for Reconsideration of this Court's Order dated February 14, 2006 is **DENIED**.

BY THE COURT:

  s/ Ronald L. Buckwalter, S. J.
  RONALD L. BUCKWALTER, S.J.